IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**

August 21, 2020

**TAMARA CHARLES
CLERK OF THE COURT**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**
**✶✶✶✶✶✶✶✶✶✶✶✶✶✶**

| | | |
|---|---|---|
| **PEGASUS HOLDING GROUP STABLES, LLC,** | ) ) | CASE NO. ST-2014-CV-0000069 |
| Plaintiff, | ) ) | ACTION FOR DEBT AND |
| | ) | BREACH OF CONTRACT |
| vs. | ) ) | |
| **LAWRENCE SHARE,** | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

**Cite as: 2020 VI Super 59U**

### MEMORANDUM OPINION AND ORDER

¶1     Pending before the Court are the following:

1. Defendant's Motion to Dismiss the Complaint with Points and Authorities filed on June 7, 2016; and

2. Plaintiff's Opposition to Defendant's Second Motion to Dismiss on June 30, 2016.

Defendant's second Motion to Dismiss will be denied because when viewing the facts alleged in the pleadings and inferences to be drawn from those facts in the light most favorable to the Plaintiff,  its claims are not barred by the statute of limitation or the statutes of fraud. Further, Defendant's Motion relies upon matters outside the pleadings which emphasizes the material facts left to resolve.

### FACTUAL AND PROCEDURAL HISTORY

¶2     Plaintiff initiated this action on January 31, 2014, seeking damages for an alleged breach of contract and debt owed.  Plaintiff alleges that, "[a]t the end of 2009, at the request of Defendant, [Plaintiff] advanced $460,000 to HM Ruby on Defendant's behalf."[1] Defendant allegedly made this request to Plaintiff "to satisfy Defendant's obligations in an investment mechanism."[2] Under the alleged terms of this investment mechanism, "Defendant needed to deposit this money before January 1, 2010."[3]  "In January 2010, recognizing the debt owed to Plaintiff from the $460,000 advanced on his behalf, Defendant repaid $50,000 to [Plaintiff][,] promising to pay the remaining balance."[4] Plaintiff alleges that "Defendant has made no additional payments, and refuses to make

---

[1] Compl. ¶ 4.
[2] *Id.* ¶ 5.
[3] *Id.* ¶ 6.
[4] *Id.* ¶ 7.

any remaining payments, and has an outstanding balance in excess of $410,000 not including interest, penalties, fees, and/or/attorney's fees."[5]

¶3    Based upon these allegations, the Complaint contains seven causes of action: (1) breach of contract due to Defendant's alleged failure to repay the amount advanced to HM Ruby by Plaintiff on Defendant's behalf;[6] (2) breach of implied-in-fact contract as an alternative to Count I if the Court determines that no express contract exists;[7] (3) quasi contract as an alternative to Count I if the Court determines that no express contract exists;[8] (4) fraud, based upon representations allegedly made by Defendant to induce Plaintiff to loan Defendant the money;[9] (5) breach of covenant of good faith and fair dealing;[10] (6) unjust enrichment;[11] and (7) promissory estoppel/detrimental reliance.[12] Defendant filed his first Motion to Dismiss on May 5, 2014, which was denied on all stated grounds in this Court's September 14, 2015 Memorandum Opinion. Defendant then filed his Answer to the Complaint on October 2, 2015.

¶4    On June 7, 2016, Defendant filed his second Motion to Dismiss the Complaint with Points and Authorities. Defendant argues that the Plaintiff failed to state a claim because there was no contract[13] and that the statute of frauds applies for count one;[14] that a two-year statute of limitations applies to counts two through seven;[15] and that the "clean hands doctrine" applies to all actions in equity, notably counts two, three, and six.[16] On June 30, 2016, Plaintiff filed an Opposition to Defendant's Second Motion to Dismiss.

## APPLICABLE LEGAL STANDARD

I.    **Federal Rule of Civil Procedure 12(b)(6) applies because it would be unjust to apply the Virgin Island Rule of Civil Procedure 12(b)(6) when the parties briefed Defendant's second motion to dismiss prior to the March 31, 2017 implementation of the Virgin Islands Rules of Civil Procedure.**

¶5    The Complaint in this case was filed January 31, 2014 and Defendant's second Motion to Dismiss and Plaintiff's Opposition were filed on June 7, 2016 and June 30, 2016, respectively. Both parties rely on the plausibility pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 (2009), citing to the Federal Rule of Civil Procedure 12(b)(6) pursuant to then Superior Court Rule 7.

---

[5] *Id.* ¶ 8. *See also id.* ¶ 11 (alleging same).
[6] *See id.* ¶¶ 12–17 (setting forth Plaintiff's breach of contract claim).
[7] *See id.* ¶¶ 18–22 (setting forth Plaintiff's breach of implied-in-fact contract claim).
[8] *See id.* ¶¶ 23–28 (setting forth Plaintiff's quasi contract claim).
[9] *See id.* ¶¶ 29–39 (setting forth Plaintiff's fraud claim).
[10] *See id.* ¶¶ 40–42 (setting forth Plaintiff's breach of covenant of good faith and fair dealing claim).
[11] *See id.* ¶¶ 43–56 (setting forth Plaintiff's unjust enrichment claim).
[12] *See id.* ¶¶ 57–61 (setting forth Plaintiff's promissory estoppel/detrimental reliance claim).
[13] *See* Def.'s second Mot. to Dismiss 8.
[14] *See id.*
[15] *See id.* 9-13.
[16] *See id.* 9-11, 12.

¶6    However, effective March 31, 2017, the Supreme Court adopted the Virgin Islands Rules of Civil Procedure, which supersede all previous civil procedure rules applicable to the Superior

Court, including the Federal Rules of Civil Procedure.[17] As a result, the plausibility standard has been abolished for proceedings in any actions that were pending on March 31, 2017, unless the Supreme Court of the Virgin Islands specifies otherwise by order or the Superior Court makes an express finding that an injustice or infeasibility would result from the application of the Virgin Islands Rules of Civil Procedure.[18]

¶7    In light of the change in rules, the Court considers the timing of this filing well before March 31, 2017, along with the fact that both parties rely on the prior standard in their filings, and finds that it would be unjust to apply the Virgin Islands Rules of Civil Procedure and the notice pleading standard as set forth in V.I. R. Civ. P. 8(a)(2). It would be unfair to expect the parties to anticipate the new notice pleading standard. Therefore, the Federal Rules of Civil Procedure applies through Superior Court Rule 7 applying the plausibility pleading standard.

II.    **The Defendant's 12(b)(6) Motion to Dismiss will be converted to a 12(c) Motion for a Judgment on the Pleadings because a Motion to Dismiss under 12(b)(6) must be filed prior to the filing of a responsive pleading.**

¶8    Under the plain language of Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss must be made before the first responsive pleading.[19] Here, Defendant filed an Answer to the Complaint on October 2, 2015. Therefore, Defendant's second Motion to Dismiss will be treated as a motion for judgment on the pleadings and Federal Rule of Civil Procedure 12(c) applied.[20]

¶9    A motion for judgment on the pleadings should be granted when the moving party has established that there is no material issue of fact to resolve, and that it is entitled to judgment in its favor as a matter of law.[21] As with a Rule 12(b)(6) motion, the Court views the facts alleged in the pleadings and the inferences to be drawn from those facts in the light most favorable to the non-moving party.[22] A motion brought for judgment on the pleadings "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noted facts."[23] Furthermore, the Court is foreclosed from considering evidence from any source outside of the pleadings and the exhibits attached to the pleadings in determining whether it was proper to grant a motion for judgment on

---

[17] *Mills-William v. Mapp*, 67 V.I. 574, 585.
[18] *Carter v. Univ. of the V.I.*, 2017 WL 3380533, at *2, 2017 V.I. Lexi 129, at *4 (V.I. Super. Ct. July 31, 2017) (citing *In re Adoption of the V.I. Rule of Civ. Procedure*, 2017 V.I. Supreme Lexis 22, 3-4)(stated in Rule 1-1 and its accompanying Reporter' Note).
[19] *See Martinez v. Colombian Emeralds, Inc.*, 51 V.I. 174, 190 (V.I. 2009).
[20] *See Benjamin v. AIG Insurance Company of Puerto Rico*, 56 V.I. 558, 565 (V.I. 2012).
[21] *See id.* at 566.
[22] *See id.*
[23] *Victor-Perez v. Diamondrock Frenchman's Owner, Inc.*, 2017 WL 4538920, at *3 (V.I. Super. August 31, 2017).

the pleadings."[24] If the Court considers matters outside the pleadings, then a motion for judgment on the pleadings must be treated as one for summary judgment and the parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.[25]

## ANALYSIS

### I.      There are material issues of fact to resolve regarding a breach of contract.

¶10     Defendant argues that the first cause of action, breach of contract, must be dismissed because there was no written loan agreement.[26] He argues that in response to Defendant's request for production of documents, Plaintiff produced bates-stamped documents showing a wire transfer of $460,000 and another document showing that that money was used for the purchase of a horse.[27] Defendant argues that this demonstrates that Plaintiff failed to state a claim and that there was no contract.[28] Furthermore, Defendant invokes the Statute of Frauds, 28 V.I.C. §244, arguing that an oral agreement regarding an interest in property for a period greater than one year is void and unenforceable.[29]

¶11     Whether the Court considers the motion as a 12(b)(6) motion to dismiss for failure to state a claim or a 12(c) motion for judgment on the pleadings, the Court is foreclosed from considering evidence from any source outside of the pleadings and exhibits attached to the pleadings.[30] The documents produced by Plaintiff to defendant referring to the wire transfer and purchase of a horse are outside the scope of the Court's consideration for this motion for judgment on the pleadings. Therefore, this Court will only consider the facts alleged in the pleadings. Under Rule 12(b)(6) the Court cannot consider matters produced in the discovery and referenced in Defendant's Motion.

¶12     To establish a breach of contract claim, Plaintiff must prove that a contract existed, that there was a duty created by that contract, that such duty was breached, and that, as a result, they suffered damages.[31] Plaintiff's Complaint alleges that the parties entered into an agreement where Plaintiff advanced the sum of $460,000.00 as a loan to Defendant and that Defendant has only repaid $50,000.00 of the loan. These allegations constitute sufficient facts to support a breach of contract claim. Defendant's Answer denies every allegation made and reasserts in his second Motion to Dismiss that there is no contract. The breach of contract claim is viable and Defendant's Motion clearly highlights the material facts in dispute. Because Defendant's Motion relies on significantly on factual allegations and exhibits that are outside the Complaint and Answer it will be denied.

---

[24] *See Benjamin v. AIG Insurance Company of Puerto Rico*, 56 V.I. 558, 565 (V.I. 2012).
[25] *See* Fed. R. Civ. P. 12(d).
[26] *See* Def.'s second Mot. to Dismiss 8.
[27] *See id.*
[28] *See id.*
[29] *See id.* 8-9.
[30] *See Benjamin v. AIG Insurance Company of Puerto Rico*, 56 V.I. 558, 565 (V.I. 2012).
[31] *See Brouillard v. DLJ Mortgage Capital, Inc.*, 63 V.I. 788, 797 (V.I. 2015) (citing *Arlington Funding Servs., Inc. v. Geigel*, 51 V.I. 118, 135 (V.I. 2009).

## II.     The Statute of Frauds does not void the alleged contract.

¶13     Defendant also argues that the Statute of Frauds applies because Plaintiff asserts this was an oral contract regarding an interest in property.[32] The Statute of Frauds, 28 V.I.C. §244, lists four kinds of agreements that are void and therefore unenforceable unless that agreement is in writing:

> (1) An agreement that by its terms is not to be performed within one year from the making thereof.
> (2) A special promise to answer for the debt, default, or misdoings of another person.
> (3) An agreement, promise, or undertaking made upon consideration of marriage, except mutual promises to marry.
> (4) A special promise made by an executor or administrator to answer damages out of his own estate.[33]

¶14     Plaintiff alleges that there was an oral agreement to lend money that was to be repaid immediately upon the settlement of Defendant's share from White Energy.[34] Defendant merely asserts in his second Motion to Dismiss that an oral agreement regarding an interest in property for a period greater than one year is void and unenforceable under the Statute of Frauds.[35] Viewing the facts alleged in the pleadings and the inferences to be drawn from those facts in the light most favorable to the Plaintiff,  it is clear that the oral agreement was made to lend money and not for any property as Defendant asserts. Therefore, the alleged loan described in Plaintiff's Complaint, does not fall into any of the four categories of agreements listed in the Statute of Frauds.

¶15     Viewing the alleged facts in light most favorable to the Plaintiff, the agreement was to be performed within a year, did not involve answering for the debt of another person, was not undertaken upon consideration of marriage, and did not relate to damages out of an estate. The alleged oral contract at issue in this case is distinguishable from the oral agreement referred to in *Brouillard v. DLJ Mortgage Capital, Inc.*, which Defendant relies on in his second Motion to Dismiss. In *Brouillard*, the unwritten agreement for a $500,000 loan was deemed barred by the Statute of Frauds because the Court found that the agreement, by its terms, was not to be performed within a year as it was for a 30-year mortgage.[36] Therefore, the Statute of Frauds does not void the alleged contract in the present case because it does not fall into any of the four types of agreements covered by the V.I. Statute of Frauds.

---

[32] *See* Def.'s second Mot. to Dismiss 8.

[33] 28 V.I.C. §244.

[34] Pl.'s Opp. To Def.'s second Mot. to Dismiss 5.

[35] Def.'s second Mot. to Dismiss 8.

[36] *See Brouillard v. DLJ Mortgage Capital, Inc.*, 63 V.I. 788, 798 (V.I. 2015).

### III. The two-year Statute of Limitations does not apply to counts two, three, five, and six: Breach of Implied Contract, Breach of Quasi-Contract, Breach of Good Faith Covenant, and Unjust Enrichment.

¶16    The Defendant asserts that a claim for breach of implied contract and a breach of quasi-contract are equitable in nature and thus, must be filed within two years from the alleged loan made in December 2010 according to Title 5 V.I.C. §31(5)(A).[37] Section 31(5)(A) provides that a civil "… action for libel, slander, assault, battery, seduction, false imprisonment, or for any injury to the person or rights of another not arising on contract and not herein especially enumerated" must be commenced within two years after the cause of action has accrued.[38]

¶17    However, under section 3(3)(A) "an action upon a contract or liability, express or implied …" must be brought within six years after the cause of action has accrued.[39] The statute specifically contemplates a six-year statute of limitations not just for express contracts, but those that are implied as well, which would extend over to counts two and three.[40] The present action was filed on January 31, 2014. The loan agreement was allegedly negotiated in December 2009 and the funds were advanced on or before January 1, 2010. In January 2010, the Defendant made a $50,000 payment on the loan, which was the only payment made. When a party has breached its promise under the contract, the limitations period begins from the time of the last payment made on the contract.[41] Only four years passed between 2010 and January 31, 2014, which is well within the six-year statute of limitations that applies to express and implied contracts.

¶18    The Court also finds that the six-year statute of limitations applies to count five: breach of the covenant of good faith and fair dealing, despite the Defendant arguing that a two-year statute of limitations applies, and has therefore tolled count five. Defendant asserts that a breach of the covenant of good faith and fair dealing sounds in tort, and therefore a two-year statute of limitation applies.[42] However, "where a duty of good faith arises under the law of contracts, […] there is no need to create a separate tort for breach of duty of good faith."[43] The nature of the breach of the covenant of good faith and fair dealing sounds in contract, and therefore the six-year statute of limitations that applies to actions in express and implied contract applies, not the two-year statute of limitations.

---

[37] Def.'s second Mot. to Dismiss 9, 11.

[38] 5 V.I.C. §31(5)(A).

[39] 5 V.I.C. §31(3)(A).

[40] *See Terrace v. Williams*, 52 V.I. 225, 243 (V.I. 2009) (stating, "The United States Court of Appeal for the Third Circuit defines a quasi-contractual claim as an obligation created by law in the absence of any agreement […] Significantly, the Third Circuit's definition of a quasi-contract is almost identical to the Restatement (Second) of Contracts' definition of an implied-in-law contract").

[41] 5 V.I.C. §40 (stating, "Whenever any payment of principal or interest has been or shall be made upon an existing contract, whether it be a bill of exchange, promissory note, bond, or other evidence of indebtedness, if such payment be made after the same shall have become due, the limitation shall commence from the time the last payment was made").

[42] Def.'s second Mot. to Dismiss 12.

[43] *See Jo-Ann's Launder Center, Inc. v. Chase Manhattan Bank, N.A.*, 854 F.Supp. 387, 390 (D.V.I. 1994).

¶19     Defendant argues that Plaintiff's sixth cause of action, Unjust Enrichment, must also be dismissed because it is governed by a two-year statute of limitations.[44] Defendant provides no legal authority to support this contention.[45] Plaintiff argues that the unjust enrichment claim sounds in contract and is subject to a six-year statute of limitations.[46] However, Plaintiff's cited legal support does not directly support this contention either.[47] The fundamental principles of contract law, as demonstrated by the Virgin Islands Supreme Court in *Peppertree Terrace v. Williams*, classifies contracts as express, implied-in-fact, implied-in-law, or quasi-contract.[48] Unjust enrichment is, "an equitable quasi-contract cause of action, imposing liability where there is no enforceable contract between the parties, but fairness dictates that the plaintiff receive compensation for services provided."[49] Accordingly, Plaintiff's unjust enrichment claim sounds in contract and should be governed by the six-year statute of limitations. Therefore, count six, unjust enrichment, cannot be dismissed on the grounds of being barred by the statute of limitations.

¶20     Regarding Plaintiff's unjust enrichment claim, Defendant further argues that Plaintiff failed to assert that Defendant had appreciation or knowledge of the benefit, an element required to properly allege an unjust enrichment claim.[50] Furthermore, Defendant denies that Plaintiff was enriched, continuing to assert that Defendant had in fact repaid the $1.4 million from his own assets.[51] Viewing the alleged facts in light most favorable to the Plaintiff, Plaintiff does assert Defendant had knowledge of the conferred benefit, and maintains that Defendant has only repaid $50,000 of the $1.4 million loan. This is a clear unresolved issue of material fact. Therefore, the Motion cannot be granted.

¶21     Defendant also raises a "clean hands doctrine" defense for counts 2, 3, and 6: breach of implied contract, breach of quasi-contract, and unjust enrichment, respectively.[52] However, Defendant relies on allegations and assertions of criminal conduct on the part of Tagliaferri.[53] While the Defendant did raise these issues, albeit briefly, in his Answer to the Complaint, he raises them now with much more particularity and without any documentation or even case law to support his argument.[54] Therefore, the Court agrees with the Plaintiff's that Defendant's unclean hands defense is not properly before the Court under Fed. R. Civ. P. 12(c) or 12(b)(6) motion, and that such a defense would be better suited for trial or a summary judgment motion.[55]

---

[44] Def.'s second Mot. to Dismiss 12.

[45] *See id.*

[46] Pl.'s Opp. To Def.'s second Mot. to Dismiss 10-11.

[47] *See id.* (citing to *Merchants Commercial Bank v. JFOV, LLC*, 2015 WL 6499842, at *5 (V.I. Super. Oct. 2, 2015).

[48] *See Peppertree Terrace v. Williams*, 52 V.I. 225, 241 (V.I. 2009).

[49] *Cacciamani and Rover Corp., v. Banco Popular de Puerto Rico*, 61 V.I. 247, 251 (V.I. 2014).

[50] Def.'s second Mot. to Dismiss 12 (citing *Walters v. Walters*, 60 V.I. 768, 779-80 (V.I. 2014).

[51] *See id.*

[52] Def.'s second Mot. to Dismiss 9-13.

[53] *See id.* 10.

[54] *See id.* 10.

[55] Pl.'s Opp. To Def.'s second Mot. to Dismiss 5 (citing to *Bandar v. Hayes-Walsh*, 2013 WL 1342256, (Mass. Super. Mar. 14, 2013), at *3).

IV.   **Plaintiff's Fraud claim is not barred by the two-year statute of limitations because of the "discovery rule."**

¶22   Defendant argues that Plaintiff's fourth cause of action, Fraud, must be dismissed because the two-year statute of limitation for torts applies: the alleged loan was made in December, 2010 and the Complaint was filed on January 31, 2014.[56] Plaintiff agrees that the two-year statute of limitation applies, however, Plaintiff invokes the "discovery rule," asserting that the fraud was not "discovered" until 2013.[57] Plaintiff asserts that Defendant was continuing to promise to pay the remaining balance of the loan until early 2013, when Defendant "changed his tune" and began denying that a loan even took place.[58] Plaintiff contends that it was not until then, in early 2013, that Plaintiff realized it had been defrauded.

¶23   The discovery rule tolls the statute of limitations when, despite the exercise of due diligence, the injury or its cause is not immediately evident to the victim.[59] The focus is not on the plaintiff's actual knowledge, but rather whether the knowledge was known, or through the exercise of diligence, knowable to the plaintiff.[60] Furthermore, the statute of limitations begins to run on the first date that the injured party possesses sufficient critical facts to put him on notice that a wrong has been committed and that he need investigate to determine whether he is entitled to redress [....]"[61] Viewing the alleged facts in light most favorable to the Plaintiff, while Plaintiff could have had reason to be suspicious of Defendant due to the passage of time and not having paid back the loan in full yet, Plaintiff became aware of critical information in 2013 when Defendant began denying the existence of a loan.. Applying the discovery rule to the fraud claim's two-year statute of limitations, Plaintiff's fraud claim is not barred because its complaint was filed January 31, 2014, within two years of 2013.

¶24   With respect to Plaintiff's Fraud claim, Defendant also restates his argument from his prior 12(b)(6) motion that Plaintiff failed to plead the elements of fraud with particularity as required by Fed. R. Civ. P. 9(b), which was addressed and rejected by the Court in its September 14, 2015 Memorandum Opinion.

V.   **Promissory Estoppel/Detrimental Reliance is governed by the six-year statute of limitations, and therefore is not barred because it was timely filed.**

¶25   Defendant also argues that Plaintiff's Promissory Estoppel/Detrimental Reliance claim is barred by a two-year statute of limitations but provides no legal authority to support his position.[62]

---

[56] Def.'s second Mot. to Dismiss 11.

[57] Pl.'s Opp. To Def.'s second Mot. to Dismiss 9.

[58] *See id.*

[59] *United Corporation v. Hamed*, 64 V.I. 297, 306 (V.I. 2016) (citing *Santiago v. V.I. Hous. Auth.*, 57 V.I. 256, 273 (V.I. 2012).

[60] *See id.*

[61] *See Santiago v. V.I. Hous. Auth.*, 57 V.I. 256, 274 (V.I. 2012).

[62] Def.'s second Mot. to Dismiss 13.

Plaintiff argues that Promissory Estoppel/Detrimental Reliance is a claim that sounds in contract, and is therefore governed by the six-year statute of limitations.[63]

¶26    *In re People of Virgin Islands* refers to Promissory Estoppel/Detrimental Reliance as a contract principle.[64] Furthermore, Promissory Estoppel/Detrimental Reliance is addressed by the Restatement (Second) of Contracts, §90.[65] As an action sounding in contract, section 31(3)(A)'s six-year statute of limitations applies rather than a two-year statute of limitations. Therefore, Plaintiff's Promissory Estoppel/Detrimental Reliance cause of action is not barred for timeliness.

¶27    Regarding Plaintiff's Promissory Estoppel/Detrimental Reliance claim, Defendant also restates an argument that Plaintiff has failed to join an indispensable party, which is an argument that has already been addressed and rejected in the Court's September 14, 2015 Order.

## CONCLUSION

¶28    The Court concludes that Plaintiff's claims are not barred by the statute of limitations or the statute of frauds, and that there are material issues of fact to be resolved thereby compelling the denial of Defendant's Motion. Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss the Complaint with Points and Authorities, filed on June 7, 2016, is **DENIED**; and it is further

**ORDERED** that copies of this Memorandum Opinion and Order shall be directed to David J. Cattie, Esquire (The Cattie Law Firm, P.C.) and Treston E. Moore, Esquire (Moore Dodson & Russell).

DATED: 8/21/2020

_____
**DENISE M. FRANCOIS**
Judge of the Superior Court of the Virgin Islands

ATTEST:

**TAMARA CHARLES**
Clerk of the Court

BY: _____
**DONNA D. DONOVAN**
Court Clerk Supervisor   08 / 24 / 2020

---

[63] Pl.'s Opp. To Def.'s second Mot. to Dismiss 11 (citing *In re People of Virgin Islands*, 51 V.I. 374, 387 (V.I. 2009)).
[64] *See In re People of Virgin Islands*, 51 V.I. 374, 387 (V.I. 2009).
[65] *See* RESTATEMENT (SECOND) OF CONTRACTS §90.